UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| OHIO NATIONAL LIFE ASSURANCE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:09CV1638 CDP |
| GARIK ALLEN, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, Ohio National Life Assurance Corporation, brought this interpleader action to settle the life insurance policy of Tiffany Boyer-Earp. It named as defendants the primary beneficiary, decedent's ex-husband, Garik Allen, and the contingent beneficiary, decedent's father, Edward Boyer. The decedent and Allen were divorced and a settlement agreement required them to maintain life insurance policies for the benefit of their children. Both Allen and Boyer claim the proceeds of this policy should be distributed to them for the benefit of the children. Because the settlement agreement between decedent and Allen shows that they intended that the children be named beneficiaries on an insurance policy of $100,000 each, I will order judgment in favor of defendant Garik Allen, in his capacity as guardian of the children, imposing a constructive trust for the benefit of M.A. and J.A.

**Factual Background**

On July 29, 2000, the decedent, Tiffany Boyer-Earp, and Garik Allen were married. On April 23, 2003, Boyer-Earp was issued a life insurance policy by Ohio National Life Assurance Corporation for $200,000. It named Allen as the primary beneficiary and Edward Boyer, her father, as the contingent beneficiary. During their marriage, the decedent and Allen had two children, M.A. and J.A. On October 12, 2005, the decedent and Allen were divorced. Paragraph three of The Marital Settlement and Separation Agreement stated that:

> THE PARTIES acknowledge that they each have term life insurance policies. THE PARTIES agree to maintain said policies, *and that the parties' minor children shall both be named as beneficiaries of said policies in equal shares*. Specifically, WIFE has a term life insurance policy that she maintains with a benefit upon her death of $200,000. WIFE agrees to maintain said policy or a policy with an equivalent death benefit until both children are emancipated per the laws of the State of Missouri.

(emphasis added). Despite the language of the agreement Boyer-Earp never changed the beneficiary designation on the insurance policy. Some time after her divorce, the decedent married Steve Earp and had two more children. On October 12, 2006, Boyer-Earp was issued a life insurance policy by Banner Life Insurance Company for $350,000. It named the two children she had with Allen as primary beneficiaries, each to receive $100,000, and her second husband, Earp, to receive $150,000. On or about February 1, 2009, Boyer-Earp was issued an insurance

policy by MetLife for $230,000. It named all four of her children as primary beneficiaries, each to receive $57,500.

Boyer-Earp died on May 8, 2009. The children she and Allen had were still minors. Since then the children have resided with Allen, who is their guardian. At the time of Boyer-Earp's death, the Ohio National and MetLife policies were in effect, but the Banner policy had ceased to exist. No insurance proceeds have been paid from the Ohio National or MetLife policies.[1] Ohio National brought this interpleader action under Fed. R. Civ. P. 22 to determine the rightful recipient of the proceeds of its insurance policy. It joined Allen as a defendant in his capacity as primary beneficiary and in his capacity as guardian of the two minor children he had with the decedent. It also named Boyer as a defendant in his capacity as contingent beneficiary. Ohio National deposited $207,667.80 into the Court registry, and I dismissed it from this action. Allen and Boyer then filed cross motions for judgment on the pleadings under Fed. R. Civ. P. 12(c).

## Discussion

"Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). Here,

---

[1] A claim for coverage under the MetLife policy is still being pursued, but is not part of this lawsuit.

the parties filed a joint stipulation of facts and do not dispute any fact material to the disposition of the case.

The parties' briefs focus on whether the divorce between Allen and Boyer-Earp terminated Allen's designation as the primary beneficiary on the Ohio National policy. It did not. Generally, under Missouri Law, a beneficiary designation made in favor of a spouse would be automatically revoked if the marriage was terminated after that designation. Mo. Rev. Stat. § 461.051.1. However, the Missouri legislature created an exception to that general rule making this automatic revocation inapplicable to life or accidental death insurance policies, unless the policy or beneficiary designation specifically states otherwise. Mo. Rev. Stat. § 461.073.6; *see also Elliott v. St. John's Reg'l Health Ctr.*, 243 S.W.3d 501, 503 (Mo. Ct. App. 2008); *United Investor Life v. Wilson*, 191 S.W.3d 76, 78-79 (Mo. Ct. App. 2006). Allen is not barred from receiving the insurance proceeds by the divorce itself because a divorce alone is not enough to revoke a beneficiary designation on a life insurance policy in Missouri. Allen would have been entitled to the proceeds of the Ohio National policy, absent the settlement agreement, because he was the last named beneficiary.

The settlement agreement, however, requires imposition of a constructive trust over the proceeds of the insurance policy for the benefit of the children. Under Missouri law, a contract obligating the insured to maintain an insurance

policy for the benefit of certain beneficiaries is valid and the beneficiaries named acquire a right in the proceeds of the policy that only yields to a superior right. *Perry v. Perry*, 484 S.W.2d 257, 258 (Mo. 1972); *Wheller v. McDonnell Douglas Corp.*, 999 S.W.2d 279, 285 (Mo. Ct. App. 1999) (internal citations omitted). The normal rules of contract construction apply to interpretation of settlement agreements. *Press Mach. Corp. v. Smith R.P.M. Corp.*, 727 F.2d 781, 784 (8th Cir. 1984); *Park Lane Med. Ctr. of Kansas City, Inc. v. Blue Cross/Blue Shield of Kansas City*, 809 S.W.2d 721, 724-25 (Mo. Ct. App. 1991). The primary rule of contract construction is that the intention of the parties governs. *Press Mach.*, 727 F.2d at 784; *Park Lane*, 809 S.W.2d at 724-25.

The language of the settlement agreement was clear and unambiguous. It stated that "the parties' minor children *shall* both be named as beneficiaries of said policies in equal shares." (emphasis added). "Said policies" referred to the term life insurance policies the parties acknowledged having when the agreement was made or equivalent policies. At that time, the decedent only had one insurance policy, the $200,000 Ohio National policy. The parties intended and the settlement agreement required that the decedent designate the children as beneficiaries in equal shares on that policy or on a policy with an equivalent death benefit.

The decedent never actually designated the children as beneficiaries on the Ohio National policy. But even without her doing so, the settlement agreement constituted an equitable assignment of the proceeds of the policy or a policy with an equivalent death benefit to the children. *Perry*, 484 S.W.2d at 258. No policy, other than the Ohio National policy, exists that would satisfy the decedent's obligation under the settlement agreement. The Banner Life policy had ceased to exist at the time of the decedent's death and the MetLife policy would be insufficient to satisfy the obligation because the children would only receive $57,500 each.

Neither Allen nor Boyer have a right superior to that of the two minor children. Allen was a party to the settlement agreement which demonstrates the intent for the children to receive the money. Boyer does not argue that his rights are superior to the minor children, only that his rights are superior to Allen. He relies on *Estate of Keeton v. Cherry*, 728 S.W.2d 694 (Mo. Ct. App. 1987), for the argument that Allen waived his right to the insurance proceeds in the settlement agreement. I need not decide whether a waiver occurred here because the parties' intent that the children have the money is dispositive. Even if Allen had waived his rights, the equitable assignment came after the designation of Boyer as contingent beneficiary.

Under Missouri law, a constructive trust is an equitable method selectively used by courts as a remedy where a beneficiary has been wrongfully deprived of some right, title, benefit, or interest. *Fix v. Fix*, 847 S.W.2d 762, 765 (Mo. 1993); *Imgrumd v. LaRue*, 851 S.W.2d 40, 43-44 (Mo. Ct. App. 1993). A court may impose a constructive trust where a confidential relationship has been breached. *Perry*, 484 S.W.2d at 259; *Imgrumd*, 851 S.W.2d at 43-44. Boyer-Earp was the children's mother, their primary custodian, and a party to this settlement agreement, so she unquestionably had a confidential relationship with them. Boyer-Earp's failure to name the children as beneficiaries or otherwise technically satisfy her obligation under the agreement, whether or not it was intentional, was a breach of that confidential relationship. As a result, imposition of a constructive trust is appropriate here. It was the intention of the parties for the children to be named beneficiaries on an insurance policy receiving $100,000 each at her death; the settlement agreement constituted an equitable assignment; and a confidential relationship was breached by the failure to designate the children as beneficiaries. I will therefore impose a constructive trust for their benefit.

Boyer argues that he should be appointed trustee to ensure the money is used for the children's benefit, but states no reason why Allen, as guardian, is not suited to manage the trust or any reason why he would be better suited than Allen. Allen, as the children's father and guardian, is the appropriate trustee.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Garik Allen's motion for judgment on the pleadings [#28] is **GRANTED**. A constructive trust shall be imposed over money deposited in the Court registry by Ohio National Life Assurance Company for the benefit of M.A. and J.A.

**IT IS FURTHER ORDERED** that defendant Edward Boyer's motion for judgment on the pleadings [# 31] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff Ohio National Life Assurance Company's motion to withdraw [#34] is **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that defendant Garik Allen shall, no later than **February 7, 2011**, file a proposed pay-out order for disbursement of the $207,667.80 deposited into the registry of this Court, plus any interest accrued and less any administrative expenses, which shall provide the information required by subsection (d), (e), and (f) of Local Rule 13.04(D)(2). Counsel is reminded of the obligation to file any social security number under seal.

A separate judgment in accordance with this ruling will be issued this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of January, 2011.